NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 29, 2008
Decided June 12, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-2877

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

  *v.*

EVERARDO DE LA CRUZ-CUEVAS,
        *Defendant-Appellant*.

Appeal from the United States District
Court for the Southern District of
Indiana, Terre Haute Division.

No. 06 CR 27

Larry J. McKinney, *Judge*.

**O R D E R**

Everardo De La Cruz-Cuevas was charged with conspiracy to distribute in excess
of 500 grams of a mixture or substance containing methamphetamine, in violation of 21
U.S.C. §§ 841(a)(1) and 846, in connection with an October 28, 2006, transaction. Shortly
thereafter, his defense counsel filed an <u>ex parte</u> motion requesting the appointment of a
"Spanish speaking mitigation specialist" to interview several categories of people and
compile a "social history" for De La Cruz-Cuevas. The district court (Chief Judge Larry
J. McKinney) denied the motion. De La Cruz-Cuevas preserved his right to appeal the
decision when he entered a conditional guilty plea to the charge against him. After
accepting the plea, Judge McKinney held a sentencing hearing; he ultimately imposed a

sentence of 235 months, which was within the applicable guidelines range. De La Cruz-Cuevas now appeals the district judge's refusal to appoint a mitigation specialist as well as two factual findings made at sentencing.

De La Cruz-Cuevas first challenges the district judge's refusal to appoint a mitigation specialist, arguing that the decision violated his rights under the Due Process Clause of the Fifth Amendment and the Criminal Justice Act of 1964, 18 U.S.C. § 3006A. We review a district court's denial of a defendant's request for expert services for an abuse of discretion. United States v. Smith, 502 F.3d 680, 686 (7th Cir. 2007), cert. denied, 128 S. Ct. 1270 (2008).

Under both the Due Process Clause and the Criminal Justice Act, a defendant requesting the appointment of an investigator (or someone like a "mitigation specialist") must demonstrate a necessity for the expert, not a mere possibility of assistance. See id. (applying the Criminal Justice Act standard); Moore v. Kemp, 809 F.2d 702, 712 (11th Cir. 1987) (applying the due process standard). De La Cruz-Cuevas's motion fell well short of meeting this burden. Defense counsel sought an expert to compile a "social history" for his client by interviewing roughly twenty categories of people. The blunderbuss request, which we quote verbatim, asked for an expert to interview

> parents, siblings, spouses or significant others, children, other neighbors, school personnel, including teachers, principals, guidance counselors, social workers, psychologists, coaches, ministers or other church personnel; employers, job supervisors and co-workers; social service and court personnel, including juvenile or adult probation/parole officers; other service providers, such as counselors; physicians or medical personnel; mental health experts who have assessed the Defendant at any time in the past or for purposes of the present proceeding.

This request was more than a tad over the top. It did not assert a plausible defense or a specific mitigation factor that the expert could shed light on. Instead, the motion stated that an expert's services were necessary "[i]n order to effectively represent the Defendant." We can see no indication here that a denial of expert assistance would result in a fundamentally unfair process.

On appeal, De La Cruz-Cuevas argues that the witnesses could have supported his claim that he only sold drugs to obtain money for his mother's surgery (she had been injured the previous month). But De La Cruz-Cuevas presented--and the district judge accepted--this explanation for the commission of the offense at the sentencing hearing. Specifically, the district judge recognized that De La Cruz-Cuevas came from poverty and that his family was experiencing sadness due to his mother's health but stated that these were not the only factors to be considered. Accordingly, the district judge did not abuse his discretion in denying the request for the appointment of a mitigation specialist.

De La Cruz-Cuevas also challenges two factual findings made at sentencing, which we review for clear error. See United States v. Artley, 489 F.3d 813, 821 (7th Cir. 2007), cert. denied, 128 S. Ct. 415 (2007); United States v. Roth, 201 F.3d 888, 891 (7th Cir. 2000). First, he argues that he should not have been held accountable for over 1.5 kilograms of actual methamphetamine because only the gross weight of the drugs, and not their purity, was alleged in the indictment. De La Cruz-Cuevas contends that the district judge's finding was based on inadmissible evidence, in violation of the Confrontation Clause and hearsay rule. However, neither the hearsay rule nor the Confrontation Clause applies at sentencing; instead, the Due Process Clause provides the proper framework for analysis. United States v. Roche, 415 F.3d 614, 618 (7th Cir. 2005). The sentencing guidelines add that judges may consider any evidence that has a "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a).

De La Cruz-Cuevas's presentence report stated that the methamphetamine obtained during a transaction on October 28 weighed approximately 13 pounds and contained over 1.5 kilograms of actual methamphetamine. But De La Cruz-Cuevas did not file an objection to this statement. Instead, he objected to the purity of the methamphetamine for the first time at the sentencing hearing. In response, Detective Dennis Holt contacted his office and obtained the precise results of the laboratory analysis, which he jotted down on a piece of paper. He then testified that the weight of the methamphetamine mixture was 4,924 grams, the purity level was 70 percent, and the amount of actual methamphetamine was 3,446 grams. De La Cruz-Cuevas contends that this evidence is inadmissible and unreliable.

We need not even examine that evidence, however, because De La Cruz-Cuevas admitted at the change of plea hearing that the amount of actual methamphetamine contained within the substance seized on October 28 weighed over 1.5 kilograms.

During the hearing the government presented a factual basis to support De La Cruz-Cuevas's guilty plea, which included a statement of the amount of actual methamphetamine recovered on October 28. Defense counsel disputed the government's allegations regarding events that occurred before October 28, but De La Cruz-Cuevas specifically agreed to the factual basis regarding the October 28 transaction. As a result, the district judge did not commit clear error in holding De La Cruz-Cuevas accountable for over 1.5 kilograms of actual methamphetamine.

Finally, De La Cruz-Cuevas challenges the district court's finding that he qualified for an aggravating role adjustment under U.S.S.G. § 3B1.1 for serving as a supervisor in the commission of criminal activity. Again, De La Cruz-Cuevas contends that the district judge's finding was based on inadmissible evidence, in violation of the Confrontation Clause and hearsay rule. As we previously noted, however, neither the hearsay rule nor the Confrontation Clause applies at sentencing, and the Due Process Clause provides the proper framework for analysis.

At the sentencing hearing, Detective Holt testified about his interviews with Kenneth Rooksberry and Jorge Enrique Pasallo-Morales. According to Holt, Pasallo-Morales admitted to participating with De La Cruz-Cuevas in the October 28 transaction. Pasallo-Morales also told Holt that De La Cruz-Cuevas recruited him to transport the methamphetamine to Terre Haute and directed his actions throughout the October 28 transaction. The government corroborated these statements with facts presented during the change of plea hearing, to which De La Cruz-Cuevas expressed his agreement. This evidence had "sufficient indicia of reliability to support its probable accuracy." Thus, the district judge did not commit clear error in finding that De La Cruz-Cuevas performed an aggravating role in the commission of the offense.

For the foregoing reasons, the judgment of the district court is AFFIRMED.